## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY PETERS,** | : | **Civil No. 3:23-CV-2160** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **AZEK, CORP.,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

### I.    Factual and Procedural Background

This *pro se* employment discrimination case comes before us for the consideration of several pending motions. These motions are filed at an early stage in this case shortly after the entry of a case management order governing the schedule of this litigation.

First, Mr. Peters, who is representing himself in this case, has filed a motion captioned as a motion for judgment, which appears to seek a judgment on the plaintiff's behalf at the outset of this litigation. (Doc. 33). This motion, and its accompanying brief, (Doc. 34), rely upon Mr. Peters' description of workplace events to request the entry of a judgment in his favor against the defendant.

Azek Corporation, the defendant in this lawsuit, has also filed a motion to strike several filings submitted by Mr. Peters, including supplements to the case

management plan and the plaintiff's reply to the defendant's answer to the complaint. (Doc. 40). This motion also invites us to require Mr. Peters to obtain permission prior to filing any further pleadings. (Id.)

As discussed in greater detail below, we will DENY these motions in order to allow the parties to proceed with their litigation in accordance with the case management order previously entered by the Court.

## II.    <u>Discussion</u>

### A.    <u>The Plaintiff's Motion for Judgment Will Be Denied</u>.

At the outset, we note that Mr. Peters has filed a pleading styled as a motion for judgment, which we construe as a motion for summary judgment. (Doc. 33). In this motion, Mr. Peters provides his perspective on what took place during his employment and asks that we enter a judgment on his behalf based upon his account of events.

While we applaud this initiative, the rules that govern summary judgment motions will not permit us to find in favor of any arty at this time. Rule 56 of the Federal Rules of Civil Procedure governs summary judgment practice and provides that the court shall only grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Through summary adjudication, a court is empowered to dispose of those claims that do not present a "genuine dispute as to

any material fact," Fed. R. Civ. P. 56(a), and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., 702 F.Supp.2d 465, 468 (M.D. Pa. 2010). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id., at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006), accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or

speculative evidence. <u>Anderson</u>, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts. <u>Id.</u>, at 252; <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). However, in making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." <u>A.W. v. Jersey City Pub. Schs.</u>, 486 F.3d 791, 794 (3d Cir. 2007).

Judged by these guideposts, Mr. Peters' motion is premature since the parties have not completed all of their factual discovery. Moreover, recognizing that the Court must consider all evidence in the light most favorable to the party opposing the motion, it is evident that Azek disputes many of the facts alleged by Mr. Peters. Therefore, these disputed issues of fact prevent us from entering judgment on behalf of any party at this time.

Finally, Mr. Peters is advised that parties seeking summary judgment must also comply with Local Rule 56.1, which provides as follows:

LR 56.1 Motions for Summary Judgment.

A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the

foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

LR 56.1.

Mr. Peters is advised that the Court "may deny a motion for summary judgment for failure to comply with Local Rule 56.1." Hickey v. Merritt-Scully, No. 4:18-CV-01793, 2021 WL 949448, at *2 (M.D. Pa. Mar. 12, 2021). Therefore, compliance with this rule will be necessary in the event that Mr. Peters seeks summary judgment at any time in the future.

**B.    The Defendant's  Motion to Strike Will Be Denied**.

In addition, Azek has submitted a motion to strike several filings submitted by Mr. Peters, including supplements to the case management plan and the plaintiff's reply to the defendant's answer to the complaint. (Doc. 40). This motion also invites us to require Mr. Peters to obtain permission prior to filing any further pleadings. (Id.)

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

F. R.Civ. P., Rule 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.'" Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (citing Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977); Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case we agree that Mr. Peters' case management plan and supplement, as well as his reply to the defendant's answer to the complaint, were not necessary

pleadings. Because we have entered a case management order, it is not necessary to file further case management plans at this time. We will request further planning proposals from counsel if we deem it to be helpful. In addition, we agree that once a complaint and answer have been filed there is no need for the plaintiff to file a reply to the answer. However, while we find these filings to be unnecessary, we do not believe that they are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion we will deny the request to strike these filings.

We will also decline Azek's request that we require Mr. Peters to obtain the Court's permission prior to filing any documents. While we have the power to enter such pre-filing injunctions, that authority should only be used in extreme cases. Thus:

> [A] pattern of "groundless and vexatious litigation" will justify an order prohibiting further filings without the court's permission. Chipps v. U.S.D.C. for the M.D. Pa., 882 F.2d 72, 73 (3d Cir. 1989) (citing Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir.1987); In re Oliver, 682 F.2d at 445)). "A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a *pro se* plaintiff must be approached with caution." Grossberger v. Ruane, 535 F. App'x 84, 86 (3d Cir. 2013). Therefore, any such injunction must "be narrowly tailored and sparingly used." In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989).

Fink v. Bishop, No. 23-0566, 2024 WL 863300, at *6 (D.N.J. Feb. 29, 2024), aff'd, No. 24-1581, 2024 WL 4449746 (3d Cir. July 29, 2024), cert. denied sub nom. Fink v. Stanzione, No. 24-665, 2025 WL 581631 (U.S. Feb. 24, 2025).

In this case, we recognize that we should liberally construe Mr. Peters' *pro se* pleadings. And while some of his filings have not been necessary, they do not strike us as so vexatious or improper that we should deviate from the general rule favoring free access to the courts. Therefore, this request will also be denied.

An appropriate order follows.

*S/Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

DATED: March 6, 2025

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY PETERS,** | : | **Civil No. 3:23-CV-2160** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **AZEK, CORP.,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 6th day of March 2025, in accordance with the accompanying

Memorandum, IT IS ORDERED that the plaintiff's motion for judgment, (Doc. 33),

and the defendant's motion to strike, (Doc. 40), are DENIED.


*<u>S/Martin C. Carlson</u>*
MARTIN C. CARLSON
United States Magistrate Judge